# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MANUEL MENDIOLA & BERTHA MENDIOLA, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § | Civil Action No. SA-17-CV-1252-XR |
| | § | |
| SHAPIRO & SCHWARTZ, L.L.P. SUBSTITUTE TRUSTEE FOR CITIBANK AKA CITIMORTGAGE INC. & CITIMORTGAGE, INC., | § § § § § | |
| *Defendants*. | § § | |

## ORDER

On this date, the Court considered its jurisdiction over this removed case and Defendant CitiMortgage, Inc. ("CMI")'s Motion to Dismiss (Docket no. 3). After careful consideration, the Court finds that Defendant Shapiro & Schwartz, L.L.P. ("Shapiro") is improperly joined. The Court further GRANTS CMI's Motion to Dismiss.

## BACKGROUND

Plaintiffs filed their Application of TRO, Temporary and Permanent Injunction in the 438th Judicial District Court of Bexar County, Texas on December 4, 2017. Docket no. 1-2. Plaintiffs filed their application to stop a foreclosure sale of the property located at 3130 Shane Road, San Antonio, Texas 78223. *Id.*

Defendant CitiMortgage, Inc. ("CMI") removed this action on the basis of diversity jurisdiction on December 12, 2017. Docket no. 1. The notice of removal states that Plaintiffs are citizens of Texas and that CMI is a New York corporation with its principal place of business

1

located in Missouri. *Id.* at 2.

Plaintiffs name CMI as holder of a mortgage note for the property and allege that there are "impediments to the foreclosure sale and the accounting relating to the amounts owed or reinstatement amounts." Docket no. 1-2 at 3. Plaintiffs argue these impediments "can be those which would or should prevent foreclosure of the home." *Id.* Plaintiffs allege that they are in the process of a modification of the note and a foreclosure would be a breach of contract, and that they will be immediately and irreparably harmed as a result of the foreclosure sale. *Id.*

CMI argues that Plaintiffs fail to state a plausible claim against Shapiro "because attorneys are generally immune from liability arising out of their representation of a client." Docket no. 1 at 3. CMI argues that Plaintiffs plead no facts that suggest Shapiro was doing anything other than following the instructions of its client. *Id.* at 4. CMI argues that Shapiro is not a real party-in-interest and its citizenship does not destroy diversity jurisdiction because Plaintiffs have failed to allege facts showing a reasonable basis to recover against Shapiro. Defendants argue that Shapiro has been improperly joined and should be dismissed from the case.

To give Plaintiffs the opportunity to respond to CMI's arguments on improper joinder, on January 23, 2018, the Court ordered Plaintiffs to show cause by February 6, 2018, as to why Shapiro should not be dismissed as improperly joined. Docket no. 4. Plaintiffs failed to respond.

On December 19, 2017, CMI filed its motion to dismiss seeking a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiffs did not respond to CMI's motion.

# ANALYSIS

I.  **Improper Joinder**

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that a non-diverse defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against a defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the defendant. *Smallwood*, 385 F.3d at 573.

In determining whether joinder was proper, the focus is on the joinder, not on the merits of the case. *Smallwood*, 385 F.3d at 573. The Fifth Circuit requires that courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *Int'l Energy*, 818 F.3d at 202; *see Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Further, the court must resolve "all . . . factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)) (internal quotation marks omitted). In other words, "any doubt about the propriety of removal

must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Applying these principles, the question for the court becomes whether there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Miller*, 663 F.2d at 550.

A plaintiff may not prevail against an argument of improper joinder "by the mere hypothetical possibility" that an action could exist against a defendant. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Id.* Plaintiffs identify Shapiro as the substitute trustee for CMI. But Plaintiffs fail to state any actual claim against Shapiro, and instead, allege that any impediments to a foreclosure sale result from the actions of CMI or CMI's agents, servants, employees or authorized representatives. Attorneys are generally immune from liability arising out of the representation of a client, but in some instances a claim may exist against an attorney who, for example, knowingly commits a "fraudulent act outside the scope of his legal representation of the client." *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 406 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Here, however, Plaintiffs only identify Shapiro as a co-Defendant and fail to state any actual claim against it.

CMI has met its burden to show that there is no reasonable basis to predict that Plaintiffs might be able to recover against Shapiro. Accordingly, the Court finds that Shapiro is improperly joined, and this Court lacks subject-matter jurisdiction over the claims against it. Eliminating Shapiro from the suit creates diversity of citizenship between Plaintiffs and Defendant CMI. Taken together with the fact that the amount in controversy exceeds $75,000, the Court finds that the requirements of diversity jurisdiction are satisfied.

## II. Motion to Dismiss

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (adopting the same standard after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

A court may consider documents incorporated into the complaint by reference when considering a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting

*Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'")). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Plaintiffs previously obtained a TRO in state court. CMI now argues that Plaintiffs' petition contains "no allegations of fact from which they could plausibly recover damages or other relief from CMI." Docket no. 3 at 1. In their Application of TRO, Temporary and Permanent Injunction filed in state court, Plaintiffs state that there are "impediments to the sale and accounting relating to the amounts owed or reinstatement amounts" that should prevent foreclosure of the property. Docket no. 1-2 at 3. Plaintiffs argue that they are currently in the process of modification with Defendants such that foreclosure will be a breach of contract.

To state a claim for breach of contract, a plaintiff must allege (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

In their petition, Plaintiffs do not clearly identify the specific contract that they allege was breached. But even if the Court assumes that Plaintiffs allege that the deed of trust for the property is the contract at issue, Plaintiffs fail to state that they complied with their obligations under the contract and do not sufficiently allege a breach by Defendants. Although Plaintiffs

state they are "in the process of a modification," this general, unspecific statement does not show that Plaintiffs have met their obligations under the contract. Further, although Plaintiffs allege that there are impediments with respect to the sale that result from Defendants' actions, Plaintiffs fail to allege anything beyond that general, speculative level. At most, Plaintiffs only recite the elements of a breach of contract action, which is insufficient to survive a motion to dismiss. Plaintiffs fail to state a valid claim for breach of contract.

Finally, to the extent that Plaintiffs seek additional injunctive relief beyond the previously-granted TRO, Plaintiffs are not entitled to such relief. Under Texas law, a request for injunctive relief is not itself a cause of action and requires a plaintiff to first plead a viable underlying cause of action. *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)). Because the Court finds that Plaintiffs fail to state a valid claim for breach of contract, they are not entitled to the requested injunctive relief.

## CONCLUSION

The Court finds that Defendant Shapiro was improperly joined. Accordingly, Defendant Shapiro is DISMISSED WITHOUT PREJUDICE. Further, Defendant CMI's Motion to Dismiss (Docket no. 3) is hereby GRANTED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE. The Clerk is directed to issue a Judgment in favor of Defendant CMI, and that Plaintiffs take nothing on their claims. Defendant CMI may submit its Bill of Costs within 14 days in the form directed by the Clerk should it desire to pursue these costs.

It is so ORDERED.

SIGNED this 12th day of February, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE